**FILED**

**SEP 1 4 2016**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Plaintiff, | ) CIVIL ACTION NO. $16 - 4131$ ) |
| v. | ) COMPLAINT ) |
| M.G. OIL COMPANY, d/b/a HAPPY JACK'S, | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I

of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of

disability and to provide appropriate relief to Charging Party Kim Mullaney ("Mullaney"), as

well as to employees of Defendant M.G. Oil Company who are at risk of being subjected to an

unlawful disability-related inquiry. As alleged with greater particularity in paragraphs 13

through 33 below, Defendant M.G. Oil Company d/b/a Happy Jack's discriminated against

Mullaney by withdrawing Mullaney's offer of employment in violation of the ADA, based on

results of a drug test showing the lawful presence of a prescribed medication Mullaney takes to

treat a disabling condition, and without providing Mullaney the opportunity for a medical

review. Defendant M.G. Oil Company further discriminated against Mullaney by refusing to

reinstate Mullaney's offer of employment, even after Mullaney provided information about her

prescription and disability to Defendant M.G. Oil Company. In addition, Defendant M.G. Oil

Company has a written policy requiring employees to disclose prescription and non-prescription

1

drugs without consideration of whether the inquiry is job related and consistent with business necessity, in violation of the ADA.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a .

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of South Dakota.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, M.G. Oil Company ("M.G. Oil"), has continuously been registered as a South Dakota domestic business, doing business in the State of South Dakota and the City of Sioux Falls, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant M.G. Oil has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5) and (7).

6.      At all relevant times, Defendant M.G. Oil has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty (30) days prior to the institution of this lawsuit, Mullaney filed a charge with the Commission alleging violations of the ADA by Defendant M.G. Oil.

8.      On August 4, 2015, the Commission issued to Defendant M.G. Oil a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant M.G. Oil to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant M.G. Oil a conciliation agreement acceptable to the Commission.

11.     On October 15, 2015, the Commission issued to Defendant M.G. Oil a Notice of Failure of Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.     On or about April 9, 2013, and continuing thereafter, Defendant M.G. Oil engaged in unlawful employment practices in Sioux Falls, South Dakota, in violation of Sections 102(a), 102(b), and 102(d) of Title I of the ADA, 42 U.S.C. §§12112(a), 12112(b), and 12112(d).

14.     Mullaney is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Mullaney has an impairment of her back and neck that substantially limits a major life activity/ies.  Without regard to the ameliorative effects of mitigating measures, Mullaney's impairments cause substantial limitations in, inter alia, the major life activities of lifting, bending, performing manual tasks, sitting, and sleeping.

15.     On April 8, 2013, Mullaney applied for employment with Defendant M.G. Oil doing business as Happy Jack's in Sioux Falls, South Dakota.  Defendant M.G. Oil extended an offer of employment to Mullaney, contingent on her successful completion of a drug test.  Mullaney underwent the drug test on April 9, 2013.

16.     Mullaney had a prescription for hydrocodone to treat pain from her back and neck impairment.  Mullaney was not given an opportunity to undergo a medical review of her drug test or to provide information regarding her prescription or her impairment in connection with the drug testing procedure.

17.     Defendant M.G. Oil subsequently informed Mullaney that it was withdrawing the offer of employment because her drug test result was non-negative and it is Defendant M.G. Oil's policy to withdraw a job offer if the applicant has a non-negative test result.  The non-negative test result, however, arose due to Mullaney's lawful use of prescribed medication to treat her impairment.

18. When Defendant M.G. Oil notified Mullaney that her offer was being withdrawn, Mullaney informed Defendant M.G. Oil that the test result stemmed from her lawful use of a prescribed medication to treat pain from her impairment. She asked Defendant M.G. Oil to reconsider and to reinstate her offer.

20. Defendant M.G. Oil refused to hire Mullaney even after receiving information regarding her disability.

## COUNT I. Discrimination Based on Actual Disability

21. Paragraphs 1 through 20 are incorporated herein by reference.

22. Defendant M.G. Oil discriminated against Mullaney based upon her actual disability as follows:

      a.    Mullaney was a qualified individual with a disability under 42 U.S.C. § 12102(1)(A).

      b.    Mullaney received a conditional job offer from M.G. Oil.

      c.    M.G. Oil withdrew the conditional offer based on Mullaney's non-negative drug test.

      d.    Mullaney's non-negative test was the result of her taking prescription medication for a disability.

      e.    Mullaney told Defendant M.G. Oil that the non-negative drug was caused by a legally prescribed drug required by her disability.

      f.    Defendant M.G. Oil still refused to hire her based upon test results that it knew were the result of lawfully prescribed medication.

23.     Defendant M.G. Oil discriminated against Mullaney by rejecting her from employment and limiting her job opportunities because of her actual disability in violation of 42 U.S.C. § 12112(a) and (b)(1).

## COUNT II.  Discrimination Based on Perceived Disability

24.     Paragraphs 1 through 23 are incorporated herein by reference.

25.     Defendant M.G. Oil discriminated against Mullaney based upon her perceived disability as follows:

> a.     Mullaney was qualified to perform the essential functions of the job for Defendant M.G. Oil.
>
> b.     Mullaney received a conditional job offer from Defendant M.G. Oil.
>
> c.     M.G. Oil withdrew the conditional offer based on Mullaney's non-negative drug test.
>
> d.      Mullaney's non-negative test was the result of her taking prescription medication for an impairment.
>
> e.     Mullaney told Defendant M.G. Oil that the non-negative drug was caused by a legally prescribed drug required by her impairments.
>
> f.     Defendant M.G. Oil still refused to hire her based upon test results that it knew were the result of lawfully prescribed medication.
>
> g.     Defendant M.G. Oil regarded Mullaney as being disabled because it knew that her impairments had caused her non-negative test results and rejected her employment based upon them anyway.

6

26. Defendant M.G. Oil discriminated against Mullaney by rejecting her from employment and limiting her job opportunities because of her perceived disability in violation of 42 U.S.C. § 12112(a) and (b)(1) .

### COUNT III. Discriminatory Qualification Standard

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. M.G. Oil's policy of refusing to hire someone who received a non-negative drug test, even when the applicant tells them that the test resulted from prescription drug usage, was a qualification standard that screened out Mullaney based upon her disability.

29. Defendant M.G. Oil's policy as applied to Mullaney was not job related or consistent with business necessity.

30. Defendant M.G. Oil discriminated against Mullaney in violation of 42 U.S.C. § 12112(b)(6) by using a qualification standard that screened out or tended to screen out an individual with a disability that was not job related or consistent with business necessity.

### COUNT IV. Unlawful Disability-Related Inquiries

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. During its investigation of Mullaney's charge of discrimination, the Commission learned that the Defendant M.G. Oil has adopted a written policy requiring all employees to disclose prescription and non-prescription medications to Defendant.

33. Defendant M.G. Oil's medication disclosure policy is an unlawful disability-related inquiry under Section 102(d) of the ADA, 42 U.S.C. § 12112(d).

## EFFECT OF UNLAWFUL PRACTICES IN COUNT I THROUGH IV

34.     The effect of the practices complained of in paragraphs 13 through 30 above has been to deprive Mullaney of equal employment opportunities, and otherwise adversely affect her status as an applicant for employment, because of her disability.

35.     The effect of the practices complained of in paragraphs 31 through 33 above has been to deprive employees of Defendant M.G. Oil of equal employment opportunities and otherwise adversely affect their status as employees, due to the risk they will be subjected to an unlawful disability-related inquiry.

36.     The unlawful employment practices complained of in paragraphs 13 through 33 above were and are intentional.

37.     The unlawful employment practices complained of in paragraphs 13 through 30 above were and are done with malice or with reckless indifference to the federally protected rights of Mullaney.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant M.G. Oil, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from withdrawing offers of employment based on a drug test without affording an opportunity for a medical review and requiring that test results only be used in accordance with the ADA.

B.     Grant a permanent injunction enjoining Defendant M.G. Oil, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from using its written medication disclosure policy to subject employees to disability-related inquiries except in accordance with the ADA.

8

C.    Order Defendant M.G. Oil to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and employees subjected to disability-related inquiries, and which eradicate the effects of its past and present unlawful employment practices.

D.    Order Defendant M.G. Oil to make whole Mullaney, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement or front pay.

E.    Order Defendant M.G. Oil to make whole Mullaney by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of here, including but not limited to job search expenses, in amounts to be determined at trial.

F.    Order Defendant M.G. Oil to make whole Mullaney by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of here, including emotional distress, and pain and suffering, in amounts to be determined at trial.

G.    Order Defendant M.G. Oil to pay Mullaney punitive damages for its malicious and reckless conduct complained of here in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact so triable raised by its

complaint.

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

131 M. Street NE, 5th Floor
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL 60661

Laurie A. Vasichek
Senior Trial Attorney
(MN # 0171438)

Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Tel: (612) 334-4010
Email: laurie.vasichek@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

10