IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>M.G. OIL COMPANY d/b/a/ HAPPY JACK'S, )<br><br>Defendant. ) | Civil Action No.  4:16-cv-04131-KES<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") initiated this action in the United States District Court for the District of South Dakota, alleging that, under Title I of the ADA, M.G. Oil Company, d/b/a Happy Jack's ("M.G. Oil Company"), had discriminated against Kim Mullaney (Mullaney) by withdrawing an offer of employment in violation of the ADA, based on results of a drug test showing the lawful presence of a prescribed medication. The EEOC also alleged that Defendant M.G. Oil Company maintained an unlawful policy requiring employees and applicants to report prescription and nonprescription medication that they were taking.

M.G. Oil answered the EEOC's complaint and denied the EEOC allegations asserting that it did not discriminate against Mullaney and that it relied on its third-party testing vendor to inform M.G. Oil that Mullaney was taking prescription drugs. It further alleged that its reporting policy applied only to persons performing safety sensitive functions.

1

In reaching this Consent Decree, the EEOC and M.G. Oil Company, acting by and through their counsel, engaged in arms' length negotiations. The parties obtained sufficient information to assess reliably the relative merits of the claims and defenses. Throughout this process, the EEOC and M.G. Oil Company were represented by counsel knowledgeable in this area of the law.

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that:

I.     JURISDICTION

This Court has jurisdiction over the parties and the subject matter of this action.

II.    FINDINGS

The purposes of the ADA and the public interest will be furthered by the entry of this Consent Decree.

III.   SCOPE

The negotiation, execution, and entry of this Consent Decree will resolve all claims of ADA violations brought by the Commission against Defendant alleged in the instant civil action. This Consent Decree relates only to the violations alleged in EEOC Charge Number 846-2013-33816 and the instant civil action.

IV.    TERM

a. The Term of this Consent Decree and all obligations hereunder will be two (2) years from the Effective Date hereof. The Effective Date hereof will be the date that the District Court approves this Consent Decree. If, at the end

of the two (2) year period, any disputes regarding Defendant's compliance with this Decree remain unresolved, the term of this Decree shall be extended automatically (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

b. If Defendant fails to perform its obligations during the Term of this Consent Decree, the EEOC is empowered to enforce this Consent Decree through applicable judicial enforcement procedures and to seek sanctions which may be due because of the need to enforce this Consent Decree.

c. Should any provision of this Consent Decree be determined by a Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Consent Decree.

d. This Consent Decree sets forth the entire agreement between the Commission and Defendant as to the resolution of the captioned lawsuit.

V. INJUNCTION

a. During the term of this Consent Decree, M.G. Oil Company and its successors and assigns are hereby enjoined from:

   i. Denying employment to any applicant based upon the non-negative result of a drug test where the person's result was confirmed by an Medical Review Officer (MRO), paid by Defendant, to be caused by lawfully prescribed medication.

3

    ii.  Retaliating against any employee who participated in an EEOC investigation or this litigation, or who asserted any rights under or benefitted from this Decree.

    iii.  Maintaining a policy whereby all employees must report to M.G. Oil Company whether they were taking prescription or over-the-counter medication other than as stated in Section VI (b).

b.  During the term of this Consent Decree, M.G. Oil Company and its successors and assigns shall inform any vendor performing drug tests of applicants or employees that they must provide any applicant or employee who has a non-negative result a reasonable opportunity to explain the result, and that they shall permit the applicant or employee the opportunity to provide documentation that the non-negative result was caused by a lawfully prescribed medication.

VI.  POLICIES AND POSTINGS

a.  Within ninety (90) days of the entry of the Consent Decree, Defendant shall review all relevant policies to assure that the policies are consistent with the injunctive relief in this Decree.

b.  Within sixty (60) days of the entry of the Consent Decree, M.G. Oil shall revise its Employee Handbook as follows: Employees as to whom M.G. Oil has reasonable suspicion to believe have ingested medication or drugs that may affect performance may be required to report what, if any, substances

4

were ingested. M.G. Oils may require drug testing to the extent it is job related and is a business necessity.

c. Defendant shall post within ninety (90) days from the entry of this Consent Decree, and keep posted, in conspicuous places in the Human Resources area the posting attached as Exhibit A.  Defendant shall simultaneously post the notice on any intranet site where employees regularly have access. Defendant shall ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notice.

VII.   TRAINING AND OVERSIGHT

a. Within ninety (90) days of the entry of this Consent Decree, Defendant agrees to conduct a training meeting on the provisions of this Consent Decree with the following:  (a) its Human Resources department personnel; (b) all personnel responsible for retaining or overseeing any vendor to perform drug tests of applicants or employees; (c) all personnel responsible for hiring; and, (d) all personnel responsible for communicating the drug test protocols and procedures to applicants and employees.

i. The training shall include an explanation of the provisions of this Consent Decree, and the requirements of the ADA and their regulations as they pertain to the rights of persons who use prescription drugs for disabling conditions.

    ii.   The training shall be conducted by an outside trainer with experience in employment discrimination law, and rights and responsibilities under the ADA.

    iii.   Training of Human Resources and managers located in Rapid City will be conducted in person.  For managers located outside of Rapid City, training will be conducted via videoconference technology. For employees, training will be made available on the website.

    iv.   Seven (7) days before the manager training, Defendant will provide the EEOC with the identity of the trainer, and a copy of the agenda and materials.

b.  Within one hundred eighty (180) days of the entry of this Consent Decree, Defendant will place the training materials prepared for Section VII (a) above on M.G. Oil's website available to all employees. The website will inform the employees who to contact in the Human Resource Department if the employee has a question about the training materials.

VIII.  REPORTING REQUIREMENTS.

a.  Defendant shall provide the Commission with two (2) written reports, the first on the date falling six (6) months after the entry of this Consent Decree by the Court, and the second report due twelve (12) months thereafter.

b.  The reports will be sent via email to eeoc-mnao-decree-monitoring@eeoc.gov.

c.  These reports will set forth the following:

      i.  A certification that the required trainings have been completed, accompanied by a list of all individuals who attended the training discussed in paragraph VII(a).

     ii.  A certification that all policies have been reviewed and modified where necessary.

   iii.  A certification that all appropriate vendors have been informed of their obligation to provide applicants and employees an opportunity to explain any non-negative drug test results, including by submitting documentation that the non-negative test resulted from the ingestion of lawfully prescribed drugs.

   iv.  A certification that all applicants not hired because of a non-negative result on their drug test were provided an opportunity to explain the result, including submission of documentation that the non-negative test resulted from the ingestion of lawfully prescribed drugs, and that the certification is being submitted in compliance with this Consent Decree.

d. If EEOC requests, Defendant shall make documents or records relating to the reports available to EEOC within thirty (30) calendar days of EEOC's request to Human Resources, currently Tanner Pruess. In addition, Defendant shall require personnel within its employ or under its authority or control, and whom EEOC requests to verify compliance with this Decree, to cooperate with EEOC, and to be interviewed upon EEOC's

request, and shall permit an EEOC representative to enter its premises for such purposes.

IX.   INDIVIDUAL REMEDY

    a.  SETTLEMENT PAYMENT

        i.  Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall pay to Kim Mullaney the sum of $45,000 (Forty-Five Thousand Dollars) ("Settlement Payment").  Payment will be evidenced by issuance of an IRS form 1099.

        ii.  Upon delivering the Settlement Payment as set forth above, Defendant shall, on the same date, deliver to counsel for the EEOC, at the address below, a copy of the check(s) remitted to Kim Mullaney, and tracking information for delivery.

        iii.  Each party, including Mullaney, shall be responsible for their own tax liability arising out of the terms of this settlement/consent decree.

X.   SUCCESSORS

This Decree shall bind all present and future directors, officers, managers, agents, successors and assigns of Defendant.  Defendant and any of its successors shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with it, or with any successor, before any such asset sale, acquisition or merger.  This paragraph shall not limit the remedies available should the Court find any party in violation of this Decree.

XI.   COSTS AND ATTORNEYS FEES

Each party will bear that party's own costs and attorney's fees.

XII.   COURT APPROVAL

Both parties request that this Court approve this Consent Decree, without costs

to either party, and with the Court reserving jurisdiction only as necessary to

enforce this Consent Decree.

XIII.   ENFORCEMENT

In the event a breach of this Consent Decree is alleged by the EEOC to have

occurred, the EEOC shall provide notice of the same to M.G. Oil which shall

have thirty (30) days to respond to the same from the date of receipt by U.S.

Mail. M.G. Oil will have another thirty (30) days to remedy any alleged

breach. If the parties cannot reach an informal resolution of this matter, the

parties may mediate the matter. The term of this Consent Decree shall be

extended if necessary to resolve a dispute under this Section. Nothing herein

will bar the EEOC from seeking emergency relief from the Court.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, on this _18th_ day of _May_ 2018.

UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM AND CONTENT:**

DATED:  May 4, 2018

BY:   s/ Gregory Gochanour
         Gregory Gochanour
         Regional Attorney


BY:   s/ Jean P. Kamp
         Jean P. Kamp
         Associate Regional Attorney

         EEOC - Chicago District Office
         500 West Madison Street, Suite 2000
         Chicago, IL  60661


BY:   s/ Patrick Connor
         Patrick Connor
         Laurie A. Vasichek
         Senior Trial Attorneys

         EEOC - Minneapolis Area Office
         330 South Second Avenue, Suite 720
         Minneapolis, MN  55401
         Telephone: (612) 335-4061
         Facsimile: (612) 335-4044
         laurie.vasichek@eeoc.gov

         ATTORNEYS FOR PLAINTIFF

DATED: 5/14/18        BY: _____

Heather Lammers Bogard
Jonathan P. McCoy
Costello, Porter, Hill, Heisterkamp,
Bushnell & Carpenter, LLP
P.O. Box 290
704 St. Joseph Street
Rapid City, SD  7709
Telephone: (605) 343-2410
Fax: (605) 343-4262
lawfirm@costelloporter.com

ATTORNEYS FOR DEFENDANT

**EXHIBIT A**

**NOTICE TO EMPLOYEES**

This Notice is posted pursuant to a Consent Decree resolving a lawsuit with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC brought suit against M.G. Oil Company d/b/a Happy Jack's ("M.G. Oil Company"), alleging that it violated the Americans with Disabilities Act by failing to provide reasonable accommodations for an applicant's use of prescribed medication and the Company's prior policy requiring employees to self-report prescribed medications. M.G. Oil denies the allegations but has agreed to enter into a Consent Decree.

The Consent Decree resolving this lawsuit provides relief. It requires M.G. Oil Company to make policy changes and report on its testing practices. The Decree also requires training of hiring managers and human resource employees on the terms of the Decree.

If you have a question about the Consent Decree, you should contact the Minneapolis office of the EEOC at (612) 335-4040. You can find out more about the EEOC and the laws that it enforces by going to http://www.eeoc.gov.

M.G. OIL COMPANY d/b/a HAPPY JACKS CASINO

BY: _____
    Dave Kulish

Its: _5/14/2018_